## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL LAMOTHE, derivatively on behalf
of LIFE PARTNERS HOLDINGS, INC.,

        Plaintiff,

v.

H. THOMAS MORAN, *et al.*,

        Defendants,

  and

LIFE PARTNERS HOLDINGS, INC.,
        Nominal Defendant.

Civil Action No. 3:20-cv-1028 (CSH)

**AUGUST 26, 2021**

### OMNIBUS ORDER ON PENDING MOTIONS AND DISMISSING CASE

**HAIGHT, Senior District Judge:**

      Plaintiff Michael LaMothe ("LaMothe"), proceeding *pro se*, brings this shareholder derivative

action on behalf of Life Partners Holdings, Inc. ("LPHI") against H. Thomas Moran and eighteen

additional defendants (collectively, "Defendants"),[1] asserting various claims pursuant to federal law

as well as state and/or common law (including breach of fiduciary duty, aiding and abetting breach

of fiduciary duty, abuse of control, and unjust enrichment).  *See generally* Doc. 1-1.[2]

---

[1] Besides H. Thomas Moran, the defendants in this action are: Jessica McGee; David M. Bennett; Thompson & Knight, LLP; Lisa L. Lambert; Jane C. Moran; Alan Jacobs; Eduardo Espinosa; Michael Quilling; Dennis Roosien; Jay Ong; Munsch Hard Kopf & Harr, P.C.; Bert Scalzo; Robert Trimble; Nate Evans; Mark Redus; Glenda Pirie; Adriana Atchley; and Philip Loy.  Doc. 1-1 at 2–3.

[2] The nature of the claims in issue here, as well as the facts underlying those claims, are difficult for the Court to parse due to LaMothe's extensive and disorganized pleading, which consists of a 149-page complaint and 54 pages of exhibits.  *See* Docs. 1, 1-1.  Some of LaMothe's claims may sound in fraud, and therefore must be pleaded with particularity pursuant to Rule 9.  LaMothe's complaint, however, also remains subject to the general requirement of Rule 8, that his pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 686–687 (2009) ("Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid—though still operative— strictures of Rule 8.").  Without deciding the matter, the Court observes that verbose and confusing pleading such as LaMothe's generally constitutes a violation of Rule 8's requirements and may be subject to dismissal on that basis

This case arises out of Chapter 11 bankruptcy proceedings in which LPHI was reorganized, following an enforcement action by the U.S. Securities and Exchange Commission against LPHI and several of its officers for violations of federal securities laws. *Id.* at 4–7, 127–136.[3] LaMothe appears to allege that Defendants conspired to "loot" LPHI during the course of the Chapter 11 proceeding, to the detriment of LPHI shareholders. *See, e.g.*, *id.* at 6–7 ("Although the scheme to force LPHI in to [sic] bankruptcy was devised 10 months earlier in a secret meeting at LaQuinta Inn, Waco, TX before LPHI filed Chapter 11, the actual corruption and fraud to the estate did not commence until Trustee H. Thomas Moran was assigned by the court. . . . In addition United States Officials, including Jessica Mcgee [sic] of the Securities and Exchange Commission (SEC), Lisa Lambert of the U.S. Trustees Office, Trustee H. Thomas Moran, Trustee Alan Jacobs, Trustee Eduardo Espinosa, Trustee Michael Quilling and their respective counsels operating under the Color of Law and without notice

---

alone. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.' When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial or to dismiss the complaint." (citations omitted)).

[3] By way of background to the present dispute, the Court takes judicial notice of the following facts, as related by the Fifth Circuit: LPHI was a publicly traded company that engaged in "viatical" or "life settlement" transactions through its wholly-owned subsidiary Life Partners, Inc. ("LPI"). LPHI's revenue came from commissions it received when it facilitated sales of existing life insurance policies (or fractional interests therein) to individual and institutional investors. Investors in life insurance policies through LPI and LPHI required and relied on life expectancy estimates ("LEs") when making their purchases. Investors could only realize profits if, upon the deaths of the insureds, the policy benefits paid out by insurers were greater than the purchase prices paid by the investors, plus any additional costs such as the premiums paid by the investors to maintain policies after acquisition; if an insured lived longer than expected, the cost of maintaining a policy would increase, and an investor would receive a lower return or even lose money. Beginning in 1999, LPHI and LPI used LEs generated by Dr. Donald Cassidy, an oncologist and internal medicine physician, to market policies. Dr. Cassidy's LEs, however, proved to be inaccurate: for example, of 302 policies purchased between 2004 and 2007, Dr. Cassidy predicted that 157 would mature by the end of 2007, but in fact only *seven* did. Even after investors and media outlets began to express doubts regarding Dr. Cassidy's LEs, LPHI and LPI officers and employees continued to represent that the LEs were accurate and that policies would soon mature. Eventually, investors began to file class action lawsuits against the companies, and the U.S. Securities and Exchange Commission ("SEC") launched an investigation, culminating in an enforcement action against LPHI and two of its officers that was filed in 2013. Following judgment in the SEC's favor on several of the counts that had been brought, LPHI filed for Chapter 11 bankruptcy in January 2015. *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 772–774 (5th Cir. 2017); *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 112–14 (5th Cir. 2019)

to Shareholders submitted false documentation, false statements and deceptive practices to destroy a Compliant and Successful Publicly Traded Company for their professional and personal gain.").

LaMothe filed this action in July 2020.[4]  *See* Doc. 1.  Defendants thereafter appeared, *see, e.g.*, Doc. 18, and certain Defendants filed a motion to transfer venue or dismiss, *see* Docs. 19–20. Additional Defendants filed motions to join the motion to transfer or dismiss.  *See* Docs. 24, 28, 37, 39, 41, 44, 46.  LaMothe responded to Defendants' motion to transfer or dismiss in November 2020, following the Court's granting of an extension of time in which to do so.  *See* Docs. 25, 50.  After the parties filed their Rule 26(f) report, Doc. 51, the Court stayed all discovery pending resolution of the motion to transfer or dismiss, pursuant to its authority to manage all aspects of discovery in matters proceeding before it, *see* Doc. 52.  Notwithstanding the stay entered by the Court, while the Court considered the arguments raised by the parties, LaMothe filed a motion for default judgment on June 16, 2021.  *See* Doc. 54.

As an initial matter, LaMothe's motion for entry of default judgment against Defendants is improper.  Rule 55 requires a party seeking entry of a default judgment first to notify the Clerk of Court "by affidavit or otherwise" of the opposing party's failure "to plead or otherwise defend," before proceeding to file a motion for default judgment.  Fed. R. Civ. P. 55(a).  LaMothe has not filed any affidavit or other appropriate paper attesting to Defendants' failure to plead or otherwise defend

---

[4] The Court takes judicial notice that the present suit appears to be the latest in a series of proceedings brought by LaMothe relating to the underlying subject matter, all of which have terminated with LaMothe's motions being denied and/or his claims being dismissed.  *See In re: Life Partners Holdings, Inc.*, No. 15-40289-mxm11 (Bankr. N.D. Tex. Mar. 22, 2019) (order denying LaMothe's "Emergency Motion To Quash All Current Offers to Acquire Any Policy Positions Subject to an Injunction to Delay Any Such Purchases of Interests Until Full Disclosure is Made by All Parties, a Compete Audit is Made Regarding the Current Financial Position of the Portfolio by an Independent Accounting Firm, a Fairness Opinion is Made Available and Competing Offers are Solicited"); *LaMothe v. Moran*, No. 4:19-cv-000938-O (N.D. Tex. Feb. 14, 2020) (order dismissing LaMothe's claims without prejudice in appeal from order of the bankruptcy court, having found that LaMothe did not have standing to pursue claims that defendants failed to follow SEC compliance regulations and should be compelled to provide him with SEC-compliant audits for LPHI for 2015 and 2016); *LaMothe v. Moran*, No. 4:20-cv-00229-A (N.D. Tex. June 8, 2020) (order dismissing shareholder derivative action brought by LaMothe for lack of standing).

with the Clerk, nor has the Clerk entered any notice of default, and thus LaMothe's motion lacks the

necessary procedural foundation to be considered.

Turning, however, to the substance of the motion (such as it may be), the Court agrees with

Defendants that, with Defendants having appeared in the action and responded to Plaintiff's complaint

by way of their motions to transfer venue or dismiss (and motions for joinder therein), no default by

Defendants yet has occurred.  *See* Doc. 55 at 1.  In addition, LaMothe's filing violates the purpose of

the Court's order staying discovery following the parties' Rule 26(f) report—namely, to facilitate the

Court's consideration of LaMothe's pleading and the issues raised by Defendants' motions.  For all

of the foregoing reasons, LaMothe's motion for default judgment is DENIED.

Furthermore, under 28 U.S.C. § 1654, LaMothe has no right to bring a shareholder derivative

action while proceeding *pro se*, as he unequivocally does here.  *See* Doc. 1-1 at 2.  As the Second

Circuit has explained:

> Courts have repeatedly held that the substantive right in a stockholder's
> derivative suit is that of the corporation and not that of the stockholders.
> In fact, it has long been settled that the derivative suit was an invention
> of the courts of equity which 'came to the relief of the stockholder, who
> had no standing to bring civil action at law against faithless directors
> and managers.  Equity, however, allowed him to step into the
> corporation's shoes and to seek in its right the restitution he could not
> demand in his own.'  Consequently, it was a mere procedural device to
> enforce the corporate claim.  ***Since a corporation may not appear
> except through an attorney, likewise the representative shareholder
> cannot appear without an attorney.***

*Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976) (emphasis added) (citations omitted).  *See also*

*Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law [L]atin)

appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another

person or entity. Thus it is well established that a layperson may not represent a corporation, may not

assert pro se a claim that has been assigned to the litigant by a corporation, and may not appear pro

se to pursue a shareholder's derivative suit.  We have also held that a layperson may not represent a

partnership, or appear pro se on behalf of his or her minor child.  These limits on pro se representation serve the interests of the represented party as well as the interests of adversaries and the court." (citations omitted)).  Where a plaintiff attempts to bring derivative claims in a *pro se* lawsuit, those claims are properly dismissed.  *See Phillips*, 548 F.2d at 415 ("We conclude that the lower court erred in permitting Phillips to prosecute this suit pro se, and accordingly, its order denying the motion to dismiss is reversed."); *see also, e.g.*, *Buhannic v. Am. Arb. Ass'n*, No. 18 Civ. 2430 (ER), 2019 WL 4735005, at *3–*4 (S.D.N.Y. Sept. 27, 2019) (determining plaintiff-shareholder's complaint to have been brought in derivative capacity and consequently dismissing RICO claim).

Accordingly, this case is DISMISSED, albeit WITHOUT PREJUDICE to re-filing in a court of suitable jurisdiction if LaMothe is able to retain a licensed attorney to prosecute the claims he wishes to assert on LPHI's behalf.  Having determined that the case should be dismissed, Defendants' motions for transfer of venue, dismissal, and/or joinder are DENIED AS MOOT.  The Clerk is directed to close the file and terminate these proceedings.

It is SO ORDERED.

Dated:  New Haven, CT
        August 26, 2021

                                            *s/ Charles S. Haight, Jr.*
                                            CHARLES S. HAIGHT, JR.
                                            Senior United States District Judge